1    ELIZABETH A. STRANGE
     Acting United States Attorney
2    District of Arizona
     ANGELA W. WOOLRIDGE
3    AZ State Bar No. 022079
     Assistant U.S. Attorneys
4    United States Courthouse
     405 W. Congress Street, Suite 4800
5    Tucson, Arizona 85701
     Telephone: 520-620-7300
6    Email: angela.woolridge@usdoj.gov
     Attorneys for Plaintiff
7

FILED ____ LODGED
____ RECEIVED ____ COPY

AUG 2 3 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

8

IN THE UNITED STATES DISTRICT COURT

9                     FOR THE DISTRICT OF ARIZONA

10   United States of America,

11                     Plaintiff,                    CR17-0857-TUC-CKJ (LCK)

12        vs.                                        Plea Agreement

13   Steven Martan,

14                     Defendant.

15        The United States of America and the defendant, Steven Martan, agree to the

16   following disposition of this matter:

17                                    PLEA

18        The defendant agrees to plead guilty to Counts One, Two, and Three of the

19   Indictment, charging the defendant with violations of Title 18, United States Code,

20   Sections 115(a)(1)(B) and (c)(4), Influencing, Impeding, or Retaliating Against a Federal

21   Official by Threatening, a felony offense.

22                           ELEMENTS OF THE CRIME

23        The essential elements of Influencing, Impeding, or Retaliating Against a Federal

24   Official by Threatening are that:

25        (A)   The defendant threatened to assault or murder a United States official; and

26        (B)   The defendant did so with intent to impede, intimidate, or interfere with such

27   official while the official was engaged in the performance of official duties, or with

28

1  intent to retaliate against such official on account of the performance of official
2  duties.

### STIPULATIONS, TERMS AND AGREEMENTS

4  The defendant understands the guilty plea is conditioned upon the following terms,
5  stipulations, and requirements:

6  Maximum Penalties:  The defendant understands and agrees that the maximum penalty for
7  the offenses to which he is pleading are a fine of $250,000, a maximum term of ten (10)
8  years imprisonment, or both, and a maximum term of three (3) years supervised release.

9  The defendant agrees to pay a fine unless the defendant establishes the applicability
10  of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

11  Special Assessment:  The defendant understands that in accordance with Title 18,
12  United States Code, Section 3013, upon entry of judgment of conviction, there shall be
13  assessed a $100.00 special assessment for each felony count.

14  Immigration consequence:  The defendant recognizes that pleading guilty may have
15  consequences with respect to his immigration status if the defendant is not a citizen of the
16  United States.   Under federal law, a broad range of crimes are removable offenses,
17  including the offense(s) to which the defendant is pleading guilty.  Removal and other
18  immigration consequences are the subject of a separate proceeding, however, and the
19  defendant understands that no one, including the defendant's attorney or the district court,
20  can predict to a certainty the effect of the defendant's conviction on the defendant's
21  immigration status.  The defendant nevertheless affirms that he wants to plead guilty
22  regardless of any immigration consequences that this plea may entail, even if the
23  consequence is the defendant's automatic removal from the United States.

24  Agreement Regarding Sentencing:

25  a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant will
26      be sentenced to between 0 and 24 months imprisonment on Counts One, Two, and
27      Three, to run concurrently.

28

The above stipulated sentencing range is based on the United States Sentencing Guidelines, and the defendant having Criminal History Category I:

| | |
|---|---|
| Base Offense Level (§ 2A6.1(a)(1)) | 12 |
| More than Two Threats (§ 2A6.2(b)(2)(A)) | +2 |
| Official Victim (§ 3A1.2(b)) | +6 |
| Acceptance (§ 3E1.1(a) and (b)) | -3 |
| § 5K2.0 | -0–9 |
| Total Adjusted Offense Level | 8–17 |

b.  The parties further agree that the defendant will be sentenced to a term of three years supervised release on Counts One, Two, and Three, to run consecutively, for a total term of nine years supervised release.  The parties agree that the defendant may be eligible for early termination of his term of supervised release after successfully completing at least one-half of the term (54 months), and upon approval by the Probation Department and the government.

c.  The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range.

d.  The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.  If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

e.  If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

f.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

g. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

h. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

i. For purposes of sentencing, the offenses of conviction constitute crimes of violence pursuant to Title 18, United States Code, Section 16.[1] Therefore, under Title 18, Sections 3663A(a)(1), (c)(1)(A)(I) and 3771(6), Congresswoman Martha McSally, the victim in this case, is entitled to mandatory restitution, and the Presentence Report should include an assessment regarding restitution. The restitution could include medical bills, costs associated with past or future counseling for the victim related to the offenses of conviction, as well as additional expenses incurred by the victim as a result of the acts of the defendant pertaining to these offenses. Further, as the offenses of conviction are crimes of violence, the Presentence Report should also include a victim impact statement, if the victim is willing to make one. The victim should be allowed to address the Court at the sentencing of this matter if she desires to do so pursuant to Title 18, Section 3771. The defendant shall not have any direct or indirect conduct with the victim or her family or staff (except as provided in paragraph (j)(1) herein).

---

[1]    A crime of violence is defined as "(a) an offense that has as an element the use, attempted use or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

4

j.  The parties agree that, for the defendant to be eligible for an offense level reduction pursuant to U.S.S.G. § 5K2.0, the defendant must comply with the following conditions of this agreement prior to sentencing:

1.  The defendant will participate in a meeting with the victim in which the defendant agrees to answer any questions by the victim concerning his offenses. The purpose of this meeting is for the victim to be able to make an informed sentencing recommendation as a part of her victim impact statement. The meeting will occur at the United States District Courthouse located at 405 West Congress in Tucson, Arizona, at a date and time agreed upon by the victim (through counsel for the government) and the defendant (through defense counsel). Counsel for the government, defense counsel, and members of the victim's staff will be present for the meeting, and the United States Marshal's Service will be notified of the meeting.

2.  The defendant agrees to complete a mental health evaluation, which shall include evaluation for substance abuse issues, and disclose the report of such evaluation to counsel for the government, the victim, and the Court prior to sentencing.

3.  The defendant agrees to complete at least 40 hours of community service, the time, location, and nature of which shall be approved by Pretrial Services.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a.    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b.    All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

1     c.     All history of drug and alcohol abuse which would warrant a treatment

2   condition as part of sentencing.

3     d.     All history of mental illness or conditions which would warrant a treatment

4   condition as part of sentencing.

5   <u>Reinstitution of Prosecution:</u>

6         If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

7   court in a later proceeding, the government will be free to prosecute the defendant for all

8   charges as to which it has knowledge, and any charges that have been dismissed because

9   of this plea agreement will be automatically reinstated. In such event, the defendant waives

10   any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth

11   Amendment to the Constitution as to the delay occasioned by the later proceedings.

12   <u>Waiver of Defenses and Appeal Rights:</u>

13         The defendant waives any and all motions, defenses, probable cause determinations,

14   and objections that the defendant could assert to the information or indictment, or to the

15   petition to revoke, or to the Court's entry of judgment against the defendant and imposition

16   of sentence upon the defendant providing the sentence is consistent with this agreement.

17   The defendant further waives: (1) any right to appeal the Court's entry of judgment against

18   the defendant; (2) any right to appeal the imposition of sentence upon the defendant under

19   Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to

20   collaterally attack the defendant's conviction and sentence under Title 28, United States

21   Code, Section 2255, or any other collateral attack. The defendant acknowledges that this

22   waiver shall result in the dismissal of any appeal or collateral attack the defendant might

23   file challenging his conviction or sentence in this case. If the defendant files a notice of

24   appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this

25   case shall, upon motion of the government, be remanded to the district court to determine

26   whether the defendant is in breach of this agreement and, if so, to permit the government

27   to withdraw from the plea agreement. This waiver shall not be construed to bar or of

28

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

1    I fully understand that, if I am granted probation or placed on supervised release by

2    the court, the terms and conditions of such probation/supervised release are subject to

3    modification at any time. I further understand that, if I violate any of the conditions of my

4    probation/supervised release, my probation/supervised release may be revoked and upon

5    such revocation, notwithstanding any other provision of this agreement, I may be required

6    to serve an additional term of imprisonment or my sentence may otherwise be altered. I

7    agree that any Guidelines Range referred to herein or discussed with my attorney is not

8    binding on the court and is merely an estimate.

9    I agree that this written plea agreement contains all the terms and conditions of my

10    plea and that promises made by anyone (including my attorney), and specifically any

11    predictions as to the guideline range applicable, that are not contained within this written

12    plea agreement are without force and effect and are null and void.

13    I am satisfied that my defense attorney has represented me in a competent manner.

14    I am fully capable of understanding the terms and conditions of this plea agreement.

15    I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

16    or depressant, which would impair my ability to fully understand the terms and conditions

17    of this plea agreement.

18    Factual Basis:

19    I agree that the following facts accurately describe my conduct in connection with

20    the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

21    the government could prove the elements of the offense beyond a reasonable doubt based

22    on the following facts:

23    On May 2, 2017, and May 10, 2017, while in Tucson, Arizona, the defendant,
24    Steven Martan, made three telephone calls to the office of 2nd District of
25    Arizona United States Congresswoman Martha McSally. The defendant
     made threatening statements to Congresswoman McSally via voice messages
26    left on the congressional office voicemail on May 2 (one message) and May
     10 (two messages). Within the first voice message, the defendant stated:
27    "Yeah this is for Martha McSally," and "And if I could ring your fucking
28    neck. You need to get back to where you came from and leave Arizona."

8

Within the second voice message, the defendant stated: "Yeah Martha, our sights are set on you, right between your fucking eyes," and "Be careful when you come back to Tucson cause we hate you here, okay," and "Can't wait to fucking pull the trigger bitch." Within the third voice message, the defendant stated: "Yeah Martha, your days are numbered." The congressional office voicemail caller identification revealed the calls were made from telephone number 520-240-8246. Verizon Wireless subscriber information listed the defendant as the subscriber of this number. the defendant was subsequently identified and located. Upon making contact with the defendant at his residence, agents located the cellular telephone associated with the above-referenced number on the defendant's person. The defendant admitted that he had used this phone to call the office of Congresswoman McSally. The defendant stated that he was venting frustrations with Congresswoman McSally's congressional votes in support of the President of the United States, thereby retaliating against her on account of the performance of her official duties, and attempting to impede, intimidate, and interfere with her performance of her official duties.

9/23/17.

_____
Date

x _Steven Martan_

Steven Martan
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide

1    effort to ensure that the guilty plea is entered in accordance with all the requirements of

2    Fed. R. Crim. P. 11.

3

4    _____9/23/17._____          Walter Goncalves, Esq.

5    Date                          Attorney for the defendant

6

7                        **GOVERNMENT'S APPROVAL**

8            I have reviewed this matter and the plea agreement. I agree on behalf of the United

9    States that the terms and conditions set forth are appropriate and are in the best interests of

10   justice.

                                    ELIZABETH A. STRANGE
11                                  Acting United States Attorney
12                                  District of Arizona

13

14   _____8/23/17_____
15   Date                          ANGELA W. WOOLRIDGE
                                    Assistant U.S. Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        10